IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER SEVEN |
| CLEARVIEW BUILDERS, INC., | : | BANKRUPTCY NO.: 5-05-bk-50857 |
| DEBTOR | : | |
| WILLIAM G. SCHWAB, ESQUIRE CHAPTER 7 TRUSTEE for CLEARVIEW BUILDERS, INC., | : | {**Nature of Proceeding**: Defendant's Motion for Summary Judgment (Doc. #21)} |
| PLAINTIFF | : | |
| vs. | : | |
| SHELLY ENTERPRISES, INC., | : | |
| DEFENDANT | : | **ADVERSARY NO.: 5-07-ap-50044** |

# OPINION

Before me is a Motion for Summary Judgment raising an interesting legal argument created by a default Order issued in a related litigation.

An involuntary bankruptcy was filed against Clearview Builders, Inc. on February 24, 2005. After adjudication, William Schwab was appointed as Trustee. In that role, Mr. Schwab initiated litigation against a number of entities by filing a Complaint to Adversary number 5-06-ap-50160. Among the Defendants in that litigation was Dennis Slayton ("Slayton"), alleged to be one of the principals of Clearview Builders, Inc. Slayton did not answer that Complaint and a default Order was entered on September 27, 2006. The following day, for reasons unascertainable at this time, an Amended Order was issued. The substantive portion of that Order reads:

> ORDERED and DECREED that the real and personal property of the Defendants, Dennis Slayton, Clearview Real Estate, Inc., Clearview Properties, Inc., Clearview Custom Homes, Inc., Omni Properties, Inc., Omni Home Builders, Inc., Omni Home, Inc., and Phoenix Soils, L.L.C., along with their just debts, are hereby incorporated into the Debtor's Chapter 7 bankruptcy, to be administered by the Chapter 7 Trustee.

Amended Order dated 9/28/2006 filed to Adversary 5-06-ap-50160 (Doc. #55).

Subsequent to the issuance of that Order, the Trustee initiated the current Adversary against Shelly Enterprises ("Shelly"). The undisputed facts are that Shelly obtained a default judgment against Slayton on February 14, 2005. On March 14, 2005, Shelly transferred its judgment to Monroe and Pike Counties where Slayton owned real estate. On August 14, 2006, Shelly received $292,898.18 in satisfaction of its lien position against Slayton's property. This current litigation is an attempt to force Shelly to disgorge that fund. The theory of recovery rests upon the Trustee's conclusion that the default judgment by Shelly against Slayton, occurring ten days before the Clearview bankruptcy, should be deemed a preference by the Clearview Debtor and/or, the satisfaction of the Shelly lien should be deemed an unauthorized postpetition transfer of Clearview assets. While the Shelly judgment had occurred before the Clearview bankruptcy and was not a judgment against Clearview, the Trustee argues that the end result of the alter ego litigation against Slayton resulted in Slayton transmogrifying into Clearview as if Clearview and Slayton were the same entity, sharing the same bankruptcy filing date, holding the same assets, and sharing the same liabilities. Without using the specific terminology, the Trustee argues that the default judgment against Slayton in Adversary 5-06-ap-50160 effected a substantive consolidation of the Clearview bankruptcy with the non-debtor Slayton.

The Defendant, Shelly Enterprises, Inc., disputes those conclusions and has moved for summary judgment suggesting that the Trustee's litigation should be terminated in favor of

Shelly prior to trial. There appears to be no genuine issue of fact. Rather, the pivotal issue appears to be a legal one as to the impact of the default judgment in Adversary 5-06-ap-50160.

## Adversary 5-06-ap-50160

In examining the breadth of Adversary 5-06-ap-50160, it is helpful to note, as an overview, there exists a series of related litigations that are designed to embellish the assets of an economic entity so as to provide a more significant return for the creditors and stakeholders of that entity. Among those options are, piercing the veil of a corporate entity, a fraudulent transfer action, equitable subordination, or substantive consolidation.

> Each of these remedies has subtle differences. "Piercing the corporate veil" makes shareholders liable for corporate wrongs. Equitable subordination places bad-acting creditors behind other creditors when distributions are made. Turnover and fraudulent transfer bring back to the transferor debtor assets improperly transferred to another (often an affiliate). Substantive consolidation goes in a direction different (and in most cases further) than any of these remedies; it is not limited to shareholders, it affects distribution to innocent creditors, and it mandates more than the return of specific assets to the predecessor owner. It brings all the assets of a group of entities into a single survivor. Indeed, it merges liabilities as well. "The result," to repeat, "is that claims of creditors against separate debtors morph to claims against the consolidated survivor."(Citation omitted)

*In re Owens Corning,* 419 F.3d 195, 206 (C.A.3 (Del.), 2005).

My task, then, is to decipher just what the result of the litigation was in Adversary 5-06-ap-50160.

The Complaint pending at the time default was taken against Slayton was entitled:

Complaint to Pierce Corporate Veil of the Defendants and Bring Property of Defendants into Estate and Recover Assets Derived from the Debtor and Injunctive Relief against Michael Baxter of Michael Baxter & Associates Commercial Real Estate, as Receiver for Real Estate of Dennis Slayton.

That Complaint contained three Counts. Count One was entitled "Pierce the Corporate Veil."

That Count requested that "the corporate forms of the [defendant] entities be disregarded and that the assets of [the defendant] entities funded by the Debtor, as well as the assets which were funded by the Debtor of [individual defendants], and the assets of Dennis Slayton being held by Michael Baxter of Michael Baxter & Associates Commercial Real Estate, as Receiver for real estate of Dennis Slayton, be considered for all purposes assets of the Estate of Clearview Builders, in that these were funds or assets of the Debtor . . . ." (Complaint filed to Adversary 5-06-ap-50160 at p. 14.)

Count Two was entitled "In the Alternative/ Fraudulent Conveyance" and asked for judgment in an amount in excess of $1,000,000.00.

Count Three was entitled "Request for Turnover against Receiver of Dennis Slayton" and is directed at Michael Baxter, state court appointed receiver for Dennis Slayton.

What is apparent from a review of the Complaint underlying the default Order was that the action was definitely a piercing action and a fraudulent conveyance action under both state law and federal bankruptcy law. What it was not, was an action to substantively consolidate the Debtor's estate with any other entity. The distinction is pivotal to the outcome of the pending Motion for Summary Judgment. Without an actual substantive consolidation of the non-debtor Slayton into the bankruptcy estate of Clearview Builders, Slayton's assets don't automatically come into the estate and neither do Slayton's debts nor creditors. Piercing subjects Slayton's assets to claims of Clearview creditors. The specific prayer in the Complaint filed to 5-06-ap-50160 asks for an order requiring that all assets be turned over to Clearview. No where in the four corners of the Complaint filed to 5-06-ap-50160 does the Trustee ask that the Defendants be deemed debtors or that they be consolidated into the Clearview bankruptcy.

[K:\Cathy\Opinions-Orders filed 2009\5-07-ap-50044_Clearview_Shelly.pdf]     4

Case 5:07-ap-50044-JJT    Doc 37    Filed 03/24/09    Entered 03/24/09 15:33:38    Desc
Main Document    Page 4 of 6

The matter of substantive consolidation is a significant finding, affecting not only the debtors and creditors of Clearview, but the adversary defendants *and their creditors*. It is to be used "sparingly." *In re Owens Corning,* 419 F.3d at 209. As stated by our Circuit Court, substantive consolidation should be rarely utilized and only as a "last resort" after other alternatives have failed. *Id.* at 211. Specifically, the Court warned against its use as an offensive weapon to tactically disadvantage a creditor or alter its rights. *Id.*

Much like in this case, an attempt was made in *Owens Corning* to substantively consolidate a debtor with non-debtors to the detriment of a creditor. The Circuit Court reversed the consolidation and concluded that creditors of the non-debtors can defeat substantive consolidation by proving an adverse effect and reliance on the non-debtor's separate existence. *Id.* at 212. Implicit in this guidance is the fact that fair notice of the consolidation should be provided to the creditors of the non-debtor prior to consolidation. Advance notice of an attempt to consolidate Slayton with Clearview was not apparent on the record of either this adversary or Adversary 5-06-ap-50160.

Substantive consolidation is such an extreme remedy impacting both party and creditor alike that it can only be preceded by such specificity and notice as to guarantee the due process right to be heard of all parties in interest. I cannot casually interpret the Adversary filed to 5-06-ap-50160 as compliant with those requirements.

**Motion for Summary Judgment**

The lynchpin of the Motion for Summary Judgment is that Dennis Slayton is not in bankruptcy and such fact destroys the Trustee's cause of action. With that proposition, I agree.

As stated in *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 9 L.Ed.2d

202 (1985), "substantive law will identify which facts are material." *Id.* at 248 and 2510. In the litigation before me, which can be capsulized by calling it a preference/fraudulent conveyance action, the threshold allegation is that Slayton is a bankruptcy debtor by reason of the default judgment entered in 5-06-ap-50160. Once I conclude that the judgment did not make Slayton a bankruptcy debtor, then the basis of the entire lawsuit collapses and the Motion for Summary Judgment should be granted. Since I conclude that the default order did not transform Slayton into a bankruptcy debtor, I will grant the Motion.

My Order is attached.

Date: March 24, 2009

John J. Thomas, Bankruptcy Judge
(CMS)
*This opinion is electronically signed and filed on the same date.*